STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.


DEUTSCHE BANK TRUST COMPANY AMERICAS

                    Plaintiff

           v.                          Civil Action Docket No. CUMSC-RE-17-303

JOHN KENDALL et al.

                    Defendants

## AMENDED ORDER
## ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]

Defendants in this residential foreclosure action, John Kendall and S. Sherman

B. Kendall, have filed a Motion for Summary Judgment on statute of limitations

grounds.   Plaintiff Deutsche Bank Trust Co. Americas has filed an Opposition and

Defendants have filed a Reply.

The court elects to decide the Motion without oral argument. *See* M.R. Civ. P.

7(b)(7).

*Undisputed Background Facts*

On December 29, 2006, the Defendants executed a Fixed/Adjustable rate Note

for $850,000 in favor of Homecomings Financial, LLC, and a mortgage securing the

note upon property at 28 Hammond Road, Falmouth, Maine.   In May 2009, the

---

[1]  This Order amends the October 1, 2019 Order to correct a reference to the Law Court's
*Pushard* decision. *See* M.R. Civ. P. 60(a).

STATE OF MAINE
Cumberland, ss. Clerk's Office

OCT 04 2019

RECEIVED

ATTORNEYS:
Andrew Schaefer, Esq. (for plaintiff)
Peter Clifford, Esq. (for defendants)

1

Defendants executed an Adjustable Rate Modification Agreement, modifying their loan obligation.

In 2009, Defendants were notified that Homecomings Financial had transferred its right to collect payments on the note, as modified, to GMAC Mortgage.

In February 2010, GMAC Mortgage sent Defendants a Notice of Default pursuant to 14 M.R.S. § 6111, advising them of their right to cure and indicating that the loan would be accelerated if they did not cure within the time stated.

Later in 2010, Plaintiff Deutsche Bank commenced a foreclosure action against the Defendants, seeking the entire balance alleged to be due on the note. *See Deutsche Bank Trust Co. Americas v. Kendall,* Me. Super. Ct., Cum. Cty., Docket No. CUMSC-RE-10-465. That case was voluntarily dismissed without prejudice. There were two more notices of default sent to the Defendants in 2012 and 2013 and another foreclosure action commenced, which was also voluntarily dismissed without prejudice. *See Deutsche Bank Trust Co. Americas v. Kendall,* Me. Super. Ct., Cum. Cty., Docket No. CUMSC-RE-13-235.

There are additional facts but the court does not deem them material to the decision.

*Analysis*

For purposes of this Motion, the Defendants do not challenge Plaintiff's standing, nor do they contend that the two prior foreclosures should be given preclusive effect in this case. (Neither of those matters is conceded; it is only that

neither is put into issue by Defendants' Motion). There do not appear to be any disputed material facts.

The sole issue is whether this third foreclosure action by Plaintiff against Defendants is barred by the statute of limitations. Under M.R. Civ. P. 56, the Defendants' Motion requires them to show that they are entitled to judgment as a matter of law on that issue.

Although Defendants argue that the general six-year statute of limitations applies, *see* 14 M.R.S. § 752, the statute of limitations applicable to residential foreclosure actions is 20 years from the expiration of the time for full performance of the conditions of the mortgage. *See* 14 M.R.S. § 6104[2]; *see also Johnson v. McNeil,* 2002 ME 99, ¶¶ 12-14, 800 A.2d 702. In *Johnson,* the Law Court made it clear that the expiration of the statute of limitations for an action on the note does not preclude an action to foreclose the mortgage. 2002 ME 99, ¶ 13, 800 A.2d 702. Defendants contend that the statute of limitations on the note has expired but that issue need not be decided here because it does not bear on Plaintiff's right to pursue foreclosure of the mortgage.

---

[2]  Section 6104 is an unusual statute of limitations in that it does not set a definite limit in years for commencement of a residential foreclosure action. Rather, once twenty years have passed from the maturity date of the debt obligation, the mortgagor may commence what could be deemed a declaratory judgment action in Superior Court for the mortgage to be declared no longer valid. *Id.* Once the Superior Court has rendered judgment in that action, "[t]hereafter no action shall be brought by any person to enforce a title under said mortgage." *Id.* If the mortgagor does not initiate any such action, there would appear to be no limit on when the foreclosure action could be commenced.

Defendants contend that the Law Court's recent decision in *Pushard v. Bank of America*, 2017 ME 230, 175 A.3d 103, changes the analysis and entitles them to summary judgment. In *Pushard*, the Law Court decided that that a judgment in favor of the debtors in a prior foreclosure action barred relitigation of the debtors' liability on the note and mortage, because the bank had accelerated payment on the note before the prior foreclosure, thereby converting a periodic payment obligation into a "unitary obligation" that had been adjudicated on its merits in the prior judgment. 2017 ME 230, ¶35, 175 A.3d 103.

The Law Court's *Pushard* decision had nothing to do with statute of limitations issues, but it could mean that the first acceleration of the debt in 2010 created a "unitary obligation" at that point, which in turn could indicate that the subsequent notices of default and subsequent accelerations were surplus or null. That question need not be decided here.

Because it is clear that the six-year statute of limitations does not apply and no deadline for commencement of this action has expired, IT IS ORDERED:

Defendants' Motion for Summary Judgment is hereby denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated October 4, 2019

A. M. Horton, Justice

Entered on the Docket: 10/4/19

4

STATE OF MAINE                                              SUPERIOR COURT

Cumberland, ss.


DEUTSCHE BANK TRUST CO. AMERICAS as Trustee

             Plaintiff

        v.                                Civil Action Docket No. CUMSC-RE-17-303

JOHN KENDALL et al.

             Defendants

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants in this residential foreclosure action, John Kendall and S. Sherman B. Kendall, have filed a Motion for Summary Judgment on statute of limitations grounds. Plaintiff Deutsche Bank Trust Co. Americas has filed an Opposition and Defendants have filed a Reply.

The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

*Undisputed Background Facts*

On December 29, 2006, the Defendants executed a Fixed/Adjustable rate Note for $850,000 in favor of Homecomings Financial, LLC, and a mortgage securing the note upon property at 28 Hammond Road, Falmouth, Maine. In May 2009, the Defendants executed an Adjustable Rate Modification Agreement, modifying their loan obligation.

REC'D CUMB CLERKS OFC
OCT 2 '19 PM4:00

1

In 2009, Defendants were notified that Homecomings Financial had transferred its right to collect payments on the note, as modified, to GMAC Mortgage.

In February 2010, GMAC Mortgage sent Defendants a Notice of Default pursuant to 14 M.R.S. § 6111, advising them of their right to cure and indicating that the loan would be accelerated if they did not cure within the time stated.

Later in 2010, Plaintiff Deutsche Bank commenced a foreclosure action against the Defendants, seeking the entire balance alleged to be due on the note. *See Deutsche Bank Trust Co. Americas v. Kendall,* Me. Super. Ct., Cum. Cty., Docket No. CUMSC-RE-10-465. That case was voluntarily dismissed without prejudice. There were two more notices of default sent to the Defendants in 2012 and 2013 and another foreclosure action commenced, which was also voluntarily dismissed without prejudice. *See Deutsche Bank Trust Co. Americas v. Kendall,* Me. Super. Ct., Cum. Cty., Docket No. CUMSC-RE-13-235.

There are additional facts but the court does not deem them material to the decision.

*Analysis*

For purposes of this Motion, the Defendants do not challenge Plaintiff's standing, nor do they contend that the two prior foreclosures should be given preclusive effect in this case. (Neither of those matters is conceded; it is only that neither is put into issue by Defendants' Motion). There do not appear to be any disputed material facts.

2

The sole issue is whether this third foreclosure action by Plaintiff against Defendants is barred by the statute of limitations. Under M.R. Civ. P. 56, the Defendants' Motion requires them to show that they are entitled to judgment as a matter of law on that issue.

Although Defendants argue that the general six-year statute of limitations applies, *see* 14 M.R.S. § 752, the statute of limitations applicable to residential foreclosure actions is 20 years from the expiration of the time for full performance of the conditions of the mortgage. *See* 14 M.R.S. § 6104[1]; *see also Johnson v. McNeil*, 2002 ME 99, ¶¶ 12-14, 800 A.2d 702. In *Johnson*, the Law Court made it clear that the expiration of the statute of limitations for an action on the note does not preclude an action to foreclose the mortgage. 2002 ME 99, ¶ 13, 800 A.2d 702. Defendants contend that the statute of limitations on the note has expired but that issue need not be decided here because it does not bear on Plaintiff's right to pursue foreclosure of the mortgage.

Defendants contend that the Law Court's recent decision in *Pushard v. Bank of America*, 2017 ME 230, 175 A.3d 103, changes the analysis and entitles them to summary judgment. In *Pushard*, the Law Court held that the acceleration of a

---

[1] Section 6104 is an unusual statute of limitations in that it does not set a definite limit in years for commencement of a residential foreclosure action. Rather, once twenty years have passed from the maturity date of the debt obligation, the mortgagor may commence what could be deemed a declaratory judgment action in Superior Court for the mortgage to be declared no longer valid. *Id.* Once the Superior Court has rendered judgment in that action, "[t]hereafter no action shall be brought by any person to enforce a title under said mortgage." *Id.* If the mortgagor does not initiate any such action, there would appear to be no limit on when the foreclosure action could be commenced.

3

promissory note converts the periodic payment obligation into a "unitary debt obligation," and decided that the dismissal of a prior foreclosure action in which judgment was rendered for the debtor defendant was an adjudication on the merits, rendering the note and mortgage unenforceable. 2017 ME 230, ¶ 35, 175 A.3d 103.

The Law Court's *Pushard* decision had nothing to do with statute of limitations issues. The effect of *Pushard* might be that the GMAC Mortgage notice of default in 2010 had the effect of converting the note's periodic payment obligation into a "unitary debt obligation," meaning that the subsequent notices were surplusage, but that question need not be decided here, because no statute of limitation bars this action and the effect of the two prior voluntary dismissals is not at issue in the Defendants' Motion.

Because it is clear that the six-year statute of limitations does not apply, and based on 14 M.R.S. § 6104 and the Law Court's application of that statute in *Johnson v. McNeil,* 2002 ME 99, ¶ ¶ 12-14, 800 A.2d 702, IT IS ORDERED:

Defendants' Motion for Summary Judgment is hereby denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated October 1, 2019

A. M. Horton, Justice

Entered on the Docket: 10/4/19

4